(No. 22370.—)
JOSEPH B. McDONOUGH, County Collector, Appellee, *vs.*
STANLEY K. GAGE, Appellant.

*Opinion filed June 20, 1934—Rehearing denied October 24, 1934.*

STONE, ORR and HERRICK, JJ., dissenting.

ENOCH J. PRICE, LAWRENCE C. MILLS, and OWEN N.
PRICE, for appellant.

OTTO KERNER, Attorney General, and THOMAS J.
COURTNEY, State's Attorney, (HAYDEN N. BELL, JAMES
G. SKINNER, ROBERT S. CUSHMAN, JACOB SHAMBERG, and
BRENDAN Q. O'BRIEN, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the
court:

The appellee, as county treasurer and *ex-officio* county
collector, was appointed receiver of certain real estate of
appellant under "An act to add sections 253*a*, 253*b* and
253*c* to 'An act for the assessment of property and for the
levy and collection of taxes,' approved March 30, 1872,"
as amended April 28, 1933. (Laws of 1933, pp. 873-876.)
This is an appeal from the order of the county court of
Cook county granting the prayer of the appellee's petition
for such appointment.

Upon the filing of the petition a summons returnable
to the October, 1933, term of the county court was issued
and duly served upon the appellant, Stanley K. Gage. Ap-
pellee's sworn petition named Gage as the sole defendant,
and stated that certain taxes for 1929 and 1930 on lots 30

and 31, etc., amounting to $2567.45, were delinquent for more than six months; that Gage was the owner of the property, and that the petitioner believed these taxes could be collected out of the rents, issues and profits of the premises. The petition prayed that the petitioner be appointed receiver to collect the rents, etc., to be applied to the payment of the delinquent taxes. Gage filed a demurrer to the petition. The grounds of demurrer are covered by the assignments of error.

The first assignment of error is, the county court had no jurisdiction to hear or decide this case since there is no statute creating such proceeding in that court. The amendment, which is called the Skarda act, only purports to give jurisdiction to circuit courts and courts of like jurisdiction. Various other assignments of error are made which question the constitutionality of the amendatory act.

The appellee contends that section 18 of article 6 of the State constitution is an express grant of general jurisdiction to county courts over all proceedings to collect taxes and assessments. He contends that this section has the same effect on jurisdiction of county courts in proceedings to collect taxes that section 12 of the same article has on the jurisdiction of circuit courts over all cases at law and in equity, and that, therefore, the following language found in section 253a of the act in question includes county courts: "That at any time after any taxes or any installments thereof heretofore or hereafter levied and assessed upon real property shall have been delinquent for more than six months and remain due and unpaid in any county, the county collector may make application to any court of competent jurisdiction, by bill or by petition," etc.

Appellee relies upon *People* v. *Miller,* 339 Ill. 573, and *Bowers* v. *Glos,* 346 id. 623, in support of his contention that section 18 of article 6 of the constitution is an all-embracing grant of jurisdiction in proceedings for collection of taxes and special assessments, and that county courts are courts of record and have general and unlimited juris-

diction in all such proceedings. All that can be said to be established in this connection by the decisions in the *Miller* and *Bowers cases* is, that in such proceedings as the legislature authorizes to be brought in county courts for the collection of taxes and special assessments those courts have general jurisdiction. The original jurisdiction given to county courts by the constitution does not authorize the bringing of such statutory proceedings in those courts as are attempted to be created by the legislature and directed to be brought in other courts having officers and facilities that have never been known to the county courts, without an express provision that such proceedings may be had in the county courts and without providing such officers and facilities for those courts.

It must be conceded that statutes with relation to the collection of taxes and assessments are binding upon the officers in charge of such collection and that the statutory procedure must be followed. In *People* v. *Biggins,* 96 Ill. 481, the people of the State of Illinois filed a bill to foreclose the lien for taxes. The people contended that inasmuch as the statute provided no method for foreclosing the lien a court of equity would therefore take jurisdiction to do so, and relied upon the general principle that where a statute creates a lien and provides no method for its enforcement the same may be enforced by a proceeding in equity. The court held, however, that taxation was wholly a matter of statute, and taxes could be collected only in the manner that the statutes provided.

The situation with reference to the Skarda act is analogous to that which was created by the amendment of 1881 to section 253 of the Revenue act of 1872, (Cahill's Stat. 1933, p. 2348; Smith's Stat. 1933, p. 2400;) which provided for foreclosure of tax liens upon real property. In passing upon that amendment we said in *People* v. *Cant,* 260 Ill. 497: "The Revenue act of 1872 originally provided, by sections 191 to 208, for an application to the county court for judgment for taxes and a sale under such

judgment by the county collector. This was the only method of selling land for taxes, and the sections mentioned referred only to this proceeding. Authority to foreclose the tax lien in equity was given in 1881 by an amendment of section 253 which contained no procedural directions except that the same notice and right of redemption as were then required by law, and conformity with sections 4 and 5 of article 9 of the constitution, were required. The statute enlarged the jurisdiction of equity so as to include the foreclosure of tax liens. That jurisdiction is to be exercised, except as otherwise provided by law, to the same extent and in the same manner as in the enforcement of other liens in equity, and it was substantially so held in *Clark* v. *Zaleski,* 253 Ill. 63." Considered in this light, the Skarda act merely creates a further enlargement of the general equity jurisdiction of courts of chancery with reference to the enforcement of tax liens, whether or not at the time of the appointment of the receiver such liens are being foreclosed in such courts. County courts have no general equity jurisdiction and could have such jurisdiction only by an express grant from the legislature.

But the appellee contends that by the language of the Skarda act the county court is empowered to appoint receivers to collect rents, etc., and to apply them to payment of delinquent taxes. The only mention of county courts in this amendment is with reference to a transfer of tax objections to a court in which a receivership is pending. The amendment refers to courts having several judges and to masters in chancery, whereas county courts have but one judge in each county and no power or authority to appoint a master in chancery. It is clear that by the Skarda act the legislature intended to confer jurisdiction to appoint receivers only on courts having masters in chancery. Furthermore, the intent of the legislature to exclude from county courts the appointment of such receivers is shown by the following language of section 253a: "and the county

court, on finding that such tax receivership suit is then pending in the circuit court, or in any court of competent jurisdiction, may direct the clerk of the county court to transmit a transcript of all orders * * * to the clerk of the proper court." If, as contended by appellee, "courts of competent jurisdiction" include county courts, which are given original jurisdiction in tax matters by the constitution, and if the legislature had intended to authorize the appointment of receivers by county courts, there would have been no necessity to make "circuit court" synonymous with "any court of competent jurisdiction," in the section quoted from last above.

The Skarda act was approved April 28, 1933. Another act, known as House Bill 547, was approved June 15, 1933. (Laws of 1933, pp. 614, 615.) It covered the single subject of fees in tax receivership cases. By amendment it added section 20a and section 20b to an act concerning fees and salaries and to classify the several counties of the State with reference thereto, approved March 29, 1872, as amended. (Smith's Stat. 1933, p. 1475.) It is noteworthy that this act does not mention county courts in either section but it does refer particularly to masters in chancery.

The county court had no authority by statute or under the constitution, and no general equity power, to appoint receivers to collect delinquent taxes from rents and profits of the real estate involved. The order appointing appellee was void because the county court of Cook county had no jurisdiction to hear the petition and enter the order of appointment.

It is not necessary to pass upon the other assignments of error.

The order of the county court of Cook county is therefore vacated and its judgment is reversed.

*Judgment reversed.*

STONE, ORR and HERRICK, JJ., dissenting.