(No. 25644.

JOHN TOMAN, County Collector, Appellant, *vs.* THE PARK CASTLES APARTMENT BUILDING CORPORATION *et al.* Appellees.

*Opinion filed Dec. 16, 1940—Rehearing denied February 5, 1941.*

294

Thomas J. Courtney, State's Attorney, (Marshall V. Kearney, Jacob Shamberg, and Brendan Q. O'Brien, of counsel,) for appellant.

Marshall & Marshall, (Maurice G. Shanberg, of counsel,) for appellee The Park Castles Apartment Building Corporation.

Follansbee, Shorey & Schupp, (Mitchell D. Follansbee, and Frederic Barth, of counsel,) for The Metropolitan Life Insurance Company, appellee and cross-appellant.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This cause comes to this court by leave to appeal from a judgment of the Appellate Court for the First District which reversed, in part, an order of the county court of Cook county and remanded the cause, with directions. The common law record, only, is presented.

The Appellate Court denied the building corporation's motion to dismiss the appeal and cross-appeal, as not taken within the time prescribed by the Civil Practice act. The ruling is assigned for error. The original order was entered April 21, 1937. The additional transcript of record shows on that day: "Thereupon motion to vacate is hereby over-ruled." On May 18, 1937, appellant filed his motion to vacate the original order. On March 3, 1938 the record shows an order denying the motion of May "17", 1937. On March 18, 1938, the court "for good cause shown" granted a motion to vacate the order of March 3, and continued the motion to vacate the original order. After numerous continuances, the motion to vacate was denied on December 6, 1938. The notice of appeal was filed on December 23, 1938.

The argument is that the order of April 21, 1937, was never vacated, but stands as final; that the court had no jurisdiction, on March 18, 1938, to vacate the order of March 3, 1938; and the notice of appeal was not filed within the required time after the order of April 21, 1937. Prior to the adoption of the Civil Practice act, this court held that during the term at which a judgment or decree was entered the record remained in the breast of the court, and the court might, at any time during the term, amend it or set it aside of its own motion or for good cause shown, as justice and the right of the case might seem to require. (*Krieger* v. *Krieger*, 221 Ill. 479; *Donaldson* v. *Copeland*,

*201* id. 540; *Shannahan* v. *Stevens,* 139 id. 428.) The Civil Practice act substitutes a period of thirty days for a term of court under the prior law. The motion of May 18, 1937, was filed less than thirty days after the entry of the original order. It does not appear who made the motion to vacate on April 21, 1937, and there is nothing in the record from which we can say that the order denying it was binding upon appellant or cross-appellant. The record was still in the breast of the court when appellant made his motion on May 18, 1937, to vacate, and the court had a right to entertain it. The order of March 18, 1938, was for good cause shown and upon a hearing, and obviously was made because of the erroneous date of May "17", 1937, in the order of March 3, 1938. Strictly speaking, the order of March 3, 1938, did not overrule the motion of May 18, 1937, which was continued by the court from time to time until finally denied. The record shows the building corporation agreed to at least one of the continuances, and it is not shown that it ever suggested that the order of March 18, 1938, was void, before the cause reached the Appellate Court. If it had done so at the hearing, there was still time for appellant to perfect his appeal from the order of March 3, 1938. ᐧ On the appeal to the Appellate Court the building corporation was not, and is not now, in a position to claim the motion and order of March 18, 1938, was too late. Moreover, under the Civil Practice act, when, as here, the court had no jurisdiction to enter the original order, it had power to vacate it after the thirty-day period. (*Thayer* v. *Village of Downers Grove,* 369 Ill. 334.) The claim that the revenue is involved, and that the appeal should have been directly to this court, is hereinafter considered.

The issues arise through a petition filed on December 3, 1935, in the county court of Cook county by Joseph L. Gill, then county treasurer and *ex officio* collector, alleging that a portion of the second installment of the 1932 taxes, and the taxes for 1933, on real estate belonging to Park Castles

Apartment Building. Corporation were delinquent for more than six months, and praying for his appointment as tax receiver of the premises for the collection of rents and the payment of such taxes.

The antecedent facts are important in the determination of the issues. Joseph B. McDonough was county treasurer and *ex officio* collector on and before June 23, 1933, and acted as such until his death. Thomas D. Nash was appointed his successor April 25, 1934. Robert M. Sweitzer was elected to the office and qualified December 11, 1934. Upon his removal, Joseph L. Gill was appointed on June 6, 1935. The order finds that each of them acted as tax receiver of the premises. Horace G. Lindheimer was elected and qualified on December 8, 1936. Lindheimer was the incumbent at the time the order of the county court was entered. Toman appealed as successor in office.

On July 23, 1933, Joseph B. McDonough, then collector, was appointed tax receiver of the premises by the county court. The appointment was made under the act of 1933, known as the Skarda act. On June 20, 1934, this court held the act did not confer jurisdiction upon county courts in such proceedings. (*McDonough* v. *Gage,* 357 Ill. 466.) Thereafter, Thomas D. Nash, who was then collector, was appointed tax receiver by the circuit court on July 3, 1934. On September 27, 1934, the collector reported to the county court that he had on hand $10,425.72, for the purpose of paying taxes on the premises. The cause was transferred from the county court to the circuit court on November 26, 1934. In 1935, the General Assembly amended section 253 of the Revenue Act, (Laws of 1935 p. 1166,) whereby county courts were authorized to appoint a tax receiver in any application for judgment and order of sale of lands for delinquent taxes. Thereafter, the petition in this cause was filed in the county court.

The building corporation answered, setting up that the former collector had been appointed tax receiver of the

premises by the circuit court of Cook county; that all taxes, except $1661.48 of the 1932 taxes, had been paid and that the collector had on hand $2199.02, which was enough to pay the 1932 unpaid balance. The answer concludes: "That this Honorable Court should inquire into the acts and doings of the county collector or its agents in not applying the monies in their hands toward the payment of delinquent taxes and permitting the penalties to accrue thereon."

By leave of court, the Metropolitan Life Insurance Company, owner of a $500,000 note secured by trust deed on the premises, filed its special and limited appearance for the purpose of questioning the jurisdiction of the court to make any order directing the disposition of the rents of the premises. It alleged the assignment of the rents by the trust deed to secure the indebtedness, the institution of foreclosure proceedings in the superior court, an application for a receiver therein, and an order of the superior court entered on April 12, 1934, finding: That McDonough, county collector, was in charge of the premises as tax receiver; that the life insurance company intended to pay the balance of the delinquent taxes and to have the receiver discharged; that the building corporation desired to regain possession of the property and to furnish a performance bond, and to have all net rents used to reimburse the life insurance company for any delinquent or future taxes advanced by it. The order provided that as soon as the tax receiver surrendered possession of the premises, the building corporation should take charge of them and pay the net rent to the life insurance company; that all net rents in the hands of the tax receiver should be applied to the payment of any delinquent taxes and to reimburse the life insurance company for any such taxes paid by it. The life insurance company was ordered to apply all payments received by it to the payment of taxes, special assessments, and insurance; to reimburse itself for any such payments made by it, and to apply any surplus on the indebtedness.

The appearance then sets out correspondence tending to show that the building corporation made efforts in 1934 to have the taxes reduced for the years 1928, 1929 and 1930, and the withholding of payment by the tax receiver at its request; that the life insurance company requested the tax receiver to pay all delinquent taxes, to which the tax receiver replied that more than sufficient to pay the 1933 and 1934 taxes had been turned over to the life insurance company and requested it to pay them to avoid accruing penalties; that, soon thereafter, it paid the 1933 and 1934 taxes to the amount of $14,350.32. It alleges the county court had no jurisdiction to order any money in the hands of the tax receiver to be paid to the building corporation and all moneys from rents should be paid to the life insurance company by order of the superior court because of its jurisdiction under the terms of the trust deed.

The life insurance company also filed an intervening petition which alleged jurisdiction of the parties and the subject matter to be in the superior court, the order of that court fixing the rights of the parties, and alleged that if any order be entered concerning the disposition of such funds, such order should provide for paying them to it. It prayed that any such order be consistent with the petition.

The order of the county court denied appellant's petition for appointment as tax receiver, made no mention of the claims of the life insurance company, and directed Horace G. Lindheimer, appellant's predecessor, to pay the building corporation a balance of $17,337.64 found to be due on account of rents received by the various county collectors as tax receivers. Appellant's motion to vacate that order was denied. Upon his appeal from both orders and a cross-appeal by the life insurance company, the Appellate Court held the latter was entitled to the rents collected by the tax receiver since April 12, 1934, (the date of the order of the superior court,) and reversed the order of the county court as to this item, with directions to determine the amount, but otherwise affirmed the order.

The order of the county court finds the collector had on hand a balance of $11,807.36, notwithstanding all delinquent taxes and penalties had been paid in full. To this sum the order adds $1905.60 for unauthorized commissions paid to an agent of the tax receiver appointed by him, and other sums paid without a prior order of the court, $1742.96 for overpayment of penalties caused by delay in payment, $131.57 overpayment on 1932 taxes, and $1750.15 interest, which totalled the $17,337.64 ordered paid to the building corporation.

The order further finds the parties entered into a stipulation that the county court have jurisdiction of the entire subject matter for the period from July 10, 1933, to the date of the order, and that it was further stipulated that the circuit court proceeding be transferred to the county court. The stipulation does not contemplate a transfer of the proceeding in the superior court, in which both McDonough and Nash, as tax receivers, and the building corporation were parties. The life insurance company was not a party to the stipulation. On the contrary, it questioned the jurisdiction of the county court.

The building corporation filed no cross-petition or counter-claim to the petition of appellant. Affirmative relief could not be granted on its answer without a counter-claim. (Ill. Rev. Stat. 1939, chap. 110, par. 162.) Therefore, under the issues, for that reason alone, the building corporation could not recover any part of the rents in the hands of the collector. There are other reasons why neither the building corporation nor the life insurance company could recover any part of such rents in this proceeding. Inasmuch as the county court found that all delinquent taxes and penalties had been paid, the refusal to appoint a tax receiver was correct. At the time the petition herein was filed, the circuit court had jurisdiction of the subject matter and the parties in the tax receivership. The cause was in that court by transfer from the county court on account of

its want of jurisdiction. After a case has been removed for cause from one court to another, there can be no further proceedings in the former; jurisdiction cannot exist in both. (14 Am. Jur. (Courts) sec. 195.) Therefore, the county court had no jurisdiction of the subject matter for two reasons. It had none in the first place, and the cause was transferred from it to the circuit court, which retained exclusive jurisdiction of the parties and the subject matter until the case was finally disposed of in that court. (14 Am. Jur. (Courts) sec. 170; 21 C. J. S. (Courts) sec. 94.) This could, of course, be accomplished by transfer to another court of competent jurisdiction. The county court assumed to take jurisdiction by stipulation of the petitioner and the building corporation. It does not appear that the circuit court transferred or had ever consented to the transfer or had been consulted about it. The circuit court had the right to have the costs and fees in the matter paid, and the right to consider and determine the accounting of its tax receiver, Nash, and his successor, if any, over which that court had jurisdiction. None of them, except Gill and Lindheimer, his successor, was a party to the instant proceeding in the county court. They had the right to have their acts and doings, as tax receivers, inquired into and determined by the circuit court which had jurisdiction of the proceedings, and that right could not be taken away by stipulation of other parties. No legal representative or party interested in McDonough's estate was made a party, but his acts and those of Nash, in making certain disbursements, were nevertheless adjudicated. The record does not show that Nash, or any of his successors, ever accounted as tax receivers in the circuit court or that any of them was ever discharged in that court. The circuit court had exclusive jurisdiction of both the subject matter and the parties in the tax receivership and it could not be divested by the attempted transfer. Moreover, the rights of the life insurance company and the building corporation in the net rents, after

payment of taxes and penalties, had been adjudicated in the superior court in the foreclosure proceeding, and so far as the record shows, the order of the superior court still stands. The county court had no jurisdiction to interfere with it. and the life insurance company raised that issue. Whether the county court could have required a tax receiver appointed by it to account, notwithstanding his void appointment, if the cause had not been transferred to another court, is not involved here. The transfer of the cause to the circuit court divested the county court of jurisdiction to take any further step whatever in the proceeding and invested the circuit court with exclusive jurisdiction. It is a familiar rule that when a court has no jurisdiction of the subject matter, it cannot be conferred by consent, and when lack of jurisdiction appears the court should decline to proceed further in the cause. (*Dunavan* v. *Industrial Com.* 355 Ill. 444.) A judgment entered without power to enter the particular judgment is void. (*People* v. *Shurtleff,* 355 Ill. 210; *Fineman* v. *Goldberg,* 329 id. 507.) Whether the question of jurisdiction was raised in the lower court is immaterial. There can be no waiver of jurisdiction of the subject matter where the trial court lacked jurisdiction to enter the order appealed from. (*Kudla* v. *Industrial Com.* 336 Ill. 279.) A party is not estopped by failing to raise the question in the trial court. (*People* v. *Psi Upsilon Fraternity,* 320 Ill. 326.) When it appeared that all taxes and penalties had been paid, the trial court had no further jurisdiction in this case, except to dismiss the petition.

Appellant and the life insurance company urge that the revenue is involved and the appeal from the orders of the county court should have been taken directly to this court. The record shows that all delinquent taxes and penalties were paid when the order of April 27, 1934, was entered. The only questions presented by the appeal to the Appellate Court were those of jurisdiction in the county court to make the order, and the rights of the insurance company and the

building corporation in the rents collected by the several collectors as tax receivers. Whether any of the receivers overpaid penalties was a matter between the receiver and the party entitled to the fund, to be determined upon the accounting of the receiver. Inasmuch as we hold the county court had no jurisdiction to make an order disposing of such funds, the question of overpayment of penalties was not properly before the county court, and the revenue is not involved.

The judgment of the Appellate Court is reversed. That portion of the order of the county court denying appellant's petition to be appointed tax receiver is affirmed. In all other respects the order of the county court, and the order denying the motion to vacate, are each reversed. The cause is remanded to the county court, with directions to dismiss the petition.

*Judgment of Appellate Court reversed.*
*Order of county court reversed, in*
*part, and remanded, with directions.*