(No. 27147.—

THOMAS D. NASH, County Collector, Appellee, *vs.* PARK CASTLES APARTMENT BUILDING CORPORATION, Appellee.—(METROPOLITAN LIFE INSURANCE COMPANY, Appellant.)

*Opinion filed September 24, 1943.*

FOLLANSBEE, SHOREY & SCHUPP, (ROBERT W. SCHUPP, and FREDERIC BARTH, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JACOB SHAMBERG, GEORGE B. DUGGAN, JOHN T. FITZGERALD, and EDMUND R. FALLON, of counsel,) for appellee Thomas D. Nash, County Collector.

MARSHALL & MARSHALL, (MAURICE G. SHANBERG, and DAVID C. GROSSMAN, of counsel,) for appellee Park Castles Apartment Building Corporation.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

On July 23, 1933, Joseph B. McDonough, who was then county treasurer and *ex officio* county collector of Cook county, was appointed tax receiver of the property owned by Park Castles Apartment Building Corporation, by the county court. The appointment was made under the act of 1933, commonly known as "The Skarda Act." (Laws of 1933, p. 873.) On June 20, 1934, this court held that the act did not confer jurisdiction on county courts to appoint such receivers. (*McDonough* v. *Gage,* 357 Ill. 466.) Thomas D. Nash, who had then succeeded McDonough as county treasurer and *ex officio* county collector, was appointed tax receiver of the property, by the circuit court, on July 3, 1934. It appears from the opinion of this court in *Toman* v. *Park Castles Apartment Building Corporation,* 375 Ill. 293, where the same parties and subject matter were involved, that the cause in which Mc-

Donough was appointed tax receiver by the county court was transferred to the circuit court, by an order entered by the county court, on November 26, 1934.

In 1935 the General Assembly amended section 253 of the Revenue Act, whereby county courts were authorized to appoint a tax receiver on any application for judgment and order of sale of lands for delinquent taxes. (Laws of 1935, p. 1166.) This section, as amended in 1935, is now section 216 of the Revenue Act of 1939. Ill. Rev. Stat. 1941, chap. 120, par. 697.

On December 3, 1935, Joseph L. Gill, who was, at that time, county treasurer and *ex officio* county collector, filed a petition in the county court of Cook county, alleging that a certain portion of the second installment of taxes for 1932 and all the taxes for the year 1933, against said property, were delinquent for more than six months. He asked for his appointment as tax receiver of the premises for the collection of rents and the payment of taxes. The Metropolitan Life Insurance Company, the appellant here, by leave of the court, intervened in that cause, and, under a limited appearance, questioned the jurisdiction of the county court to make any order directing the disposition of the rents in the hands of the successive tax receivers. The life insurance company also filed an intervening petition. In this petition it alleged that it was the holder of a mortgage on the premises; that on February 28, 1934, it filed a suit in the superior court of Cook county for the foreclosure of such mortgage. It further alleged that an order had been entered by the superior court in the foreclosure proceedings, providing in substance, that after the tax receiver surrendered possession of the property to Park Castles Apartment Building Corporation, such corporation should operate the property and collect the rents arising therefrom. It was further ordered that Park Castles Apartment Building Corporation render monthly statements to the life insurance company and pay over the net rents re-

ceived monthly, to that company, to be applied on the mortgage debt. It was further ordered that Park Castles Apartment Building Corporation give a bond conditioned for the faithful accounting of all rents received. The petition then alleged that sole jurisdiction of the parties and of the subject matter was in the superior court of Cook county, in the foreclosure suit.

The order of the county court denied the petition of Gill for his appointment as receiver. It directed that all funds in the hands of tax receivers be paid over to the building corporation. Upon appeal, the Appellate Court reversed the order in part, and remanded the cause with directions.

On appeal to this court the judgment of the Appellate Court and all orders of the county court, except the order refusing to appoint the county collector as tax receiver, were reversed. This court held that the circuit court, in the cause in which Nash was appointed receiver on July 3, 1934, had exclusive jurisdiction of both the subject matter and the parties in the tax receivership, and that all of the orders of the county court were invalid. The cause was remanded to the county court with directions to dismiss the petition. (*Toman* v. *Park Castles Apartment Building Corporation,* 375 Ill. 293.) In the course of the opinion it was said, "The county court had no jurisdiction of the subject matter for two reasons. It had none in the first place and the cause was transferred from it to the circuit court, which retained exclusive jurisdiction of the parties and the subject matter until the case was finally disposed of in that court."

On October 14, 1935, an order was entered by the circuit court, in this cause, approving the final report of the tax receiver. It was further ordered that the order of July 3, 1934, appointing the receiver, be vacated and set aside, and the receiver was discharged. On December 3, 1935, an order was entered reciting that certain objections

had been filed to the receiver's reports and that the defendant had requested an opportunity to examine the books, records, etc., of the receiver. It was ordered that these books and records be turned over to the Park Castles Apartment Building Corporation for examination, such records to be returned to the clerk within twenty days from the date of delivery.

The record shows that the next step taken in the case was on December 16, 1941. On that date the Metropolitan Life Insurance Company filed the petition here involved, for leave to intervene in the cause. The grounds upon which the intervention was sought were that the receiver's final report showed a balance in his hands, which he had collected as rents, and that no order for the distribution of such balance had been entered. It was further alleged that there was a balance of some $11,000 collected by prior county collectors, appointed as tax receivers by the county court, which had not been distributed; that the mortgage pledged the rents as additional security for the mortgage debt, and that all net rents received during the periods of receivership were applicable to the payment of the balance due on the mortgage debt, for which a deficiency decree had been entered by the superior court. It was further alleged that the cause had not been fully disposed of, but was still within the jurisdiction of the circuit court until all matters pertaining to the report and the distribution of the funds in the custody of the receiver had been determined and adjudicated by that court; that some of the items for which the receivers had taken credit on their various reports, as funds paid out, had not been distributed and applied to the purposes stated in the reports; that said reports did not correctly set forth a statement of the accounts; that certain items or amounts, shown by the reports to have been paid out by the receivers, had not been applied to such payments, but were still in the hands of the county collector, as such receiver. Appellant

asked leave to intervene for the purpose of compelling an accounting by the receiver and obtaining an order of the court as to the funds available for distribution and the manner in which the distribution should be made.

The trial court, upon a hearing, denied appellant's motion for leave to intervene. That court was of the opinion that inasmuch as an order had been entered dismissing the cause prior to the time the petition for leave to intervene was filed, the court was without jurisdiction. On appeal to the Appellate Court, that court reached the same conclusion, but based its decision upon different grounds. It affirmed the order of the circuit court. The case is here on leave to appeal, granted by this court.

The chronology of material events is necessarily confused in the record by the multiplicity of proceedings concerning the subject matter of the appointment of tax receivers for the property of Park Castles Apartment Building Corporation. The confusion is more or less confounded by the reference in the briefs to the various proceedings by the case numbers only, without other identification. From an examination of the record, together with the facts appearing in the former case, (*Toman* v. *Park Castles Apartment Building Corporation,* 375 Ill. 293,) we believe the material steps taken may be stated in the following sequence:

On July 23, 1933, McDonough, who was then the county collector, was appointed tax receiver by the county court. He served as such under that appointment until after the decision of this court holding the county court had no jurisdiction to appoint a receiver. (*McDonough* v. *Gage,* 357 Ill. 466.) The opinion in that case was filed on June 20, 1934. On November 26, 1934, the county court entered an order transferring, to the circuit court, the cause in which the county collector had been appointed receiver. Presumably, that order was entered under an act relating to changes of venue when a suit is brought

in the wrong court or county. (Ill. Rev. Stat. 1941, chap. 146, par. 36.) The validity and effect of that order entered by the county court in a cause in which it had no jurisdiction of the subject matter, is wholly immaterial. In the meantime the circuit court had already assumed jurisdiction, and on July 3, 1934, had appointed Nash, who was McDonough's successor in the office of county collector, receiver. The circuit court had jurisdiction under its general equity powers to make such appointment.

The next step taken in the circuit court, having any bearing on the issues here involved, was the entry of the order of October 14, 1935. Notwithstanding this order purported to be an order approving the final report of the receiver, the court, on December 3, 1935, entered another order in the cause. In this order it is recited that objections had been filed to the report of the receiver and that the defendant, which was the Park Castles Apartment Building Corporation, desired to examine the books and records of the various receivers, for the purpose of verifying the items contained in such reports. By the order entered, the books and records pertaining to the receivership were made available to the defendant for examination.

This was the status of the proceedings when the petition of appellant for leave to intervene in the cause in the circuit court was filed on December 16, 1941. It tendered with its motion for leave to intervene, the petition which it proposed to file. In that petition it was alleged that it had no notice of the application of the tax receiver to have his report approved; that such report was inaccurate and untrue; that in the report the receiver had taken credit for items of taxes paid, which were not paid; that more than $11,000 had been collected by the various county collectors, as tax receivers, under their appointments as such, by the county court, which had not been accounted for in the final report; that there was also in the hands of the county collector, as tax receiver, appointed by the

circuit court, more than $2200, not accounted for in the final report, for which the receiver should account, and that the balance shown in the hands of the receiver by the final report had not been ordered distributed by the court. The order of the superior court in the foreclosure proceedings was set out in the petition. Under that order it was alleged that appellant was interested in the accounts of the receiver and was the owner of all funds which came to the hands of the various county collectors, as tax receivers, after the payment of delinquent taxes and necessary expenses of the receivership. It was further alleged that a copy of this order of the superior court was delivered to the county collector on April 12, 1934.

The showing in the petition which appellant sought to file was ample to entitle it to intervene. Under the order of the superior court in the foreclosure case, it was the owner of all funds remaining in the hands of the receiver after the payment of delinquent taxes and the expenses of the receivership. The determination of the amount for which the receiver should account is a matter within the exclusive jurisdiction of the circuit court in the receivership proceedings. The determination that appellant was entitled to the amount the circuit court should, on final accounting of the receiver, order paid to Park Castles Apartment Building Corporation was a matter over which the superior court, in the foreclosure suit, had exclusive jurisdiction. There is no conflict as to the jurisdiction of the circuit court with that of the superior court. They do not overlap, and neither infringes upon the other. The settlement of the accounts of the receiver was wholly within the jurisdiction of the circuit court in the receivership proceedings. The matter of the ownership of any surplus which the receiver was ordered to pay over to Park Castles Apartment Building Corporation was within the exclusive jurisdiction of the superior court in the foreclosure case.

By its petition, appellant alleged that it was the owner of the net funds in the hands of the receiver. As such, it was clearly entitled to intervene and become a party, if it was not already a party, to the proceedings in the circuit court. It is entitled to be heard on the question of the receiver's final accounting. The petition, in substance, alleged that the report of the receiver was incomplete and inaccurate. If this allegation is sustained, it would be sufficient to warrant the court in setting aside even a final order approving the report.

In *Callner* v. *Greenberg*, 376 Ill. 212, we said: "Courts of equity have original, independent, inherent jurisdiction to relieve against every species of fraud. Deeds, obligations, contract of release, judgments or decrees may be instruments to which parties resort to cover fraud * * * but none of such devices or instruments will be permitted by a court of equity to obstruct the requirements of justice."

If the report of the receiver was inaccurate and did not correctly reflect his acts as receiver, and, because of the fact that he made an inaccurate and false report, he procured the approval of that report, this would constitute a fraud on the court and sufficient grounds for vacating the order, even after the term at which it was entered. An exception to the rule that courts may not set aside final judgments or decrees after the term has expired, or after thirty days from the entry thereof, is where a judgment has been obtained through fraud or by concealing or misrepresenting facts to the court. Such fraud constitutes a sufficient reason for vacating a judgment, even after the term at which it was rendered. (*City of Chicago* v. *Nodeck*, 202 Ill. 257; *Mitchell* v. *Shaneberg*, 149 Ill. 420; *Ward* v. *Durham*, 134 Ill. 195; *Chicago Building Society* v. *Haas*, 111 Ill. 176; *Walker* v. *Shreve*, 87 Ill. 474.) The record here does not justify the contention that the cause had been finally disposed of and had passed beyond the jurisdiction of the circuit court. Obviously, the order

of October 14, 1935, approving the report, was not a final order, which would oust the court of further jurisdiction to determine the accuracy of the report, or to make any proper order in connection with the report of the receiver for the final distribution of the funds. Even if it was so regarded, the circuit court could not, in that manner, oust itself of jurisdiction until the receivership was finally concluded. *Heppe* v. *Szczepanski,* 209 Ill. 88; *Wright* v. *Simpson,* 200 Ill. 56.

It was alleged in the petition that Park Castles Apartment Building Corporation had been dissolved as a corporation, at the suit of the Attorney General, and no longer had any existence as a corporation. If it so appears on the final approval of the receiver's report, the order for distribution should protect the rights of appellant under the order of the superior court in the foreclosure suit.

We are satisfied, from the record, that the circuit court did not lose jurisdiction of the cause by any orders entered. Such jurisdiction continued and will continue until the receivership matter is entirely closed, the receiver's report approved, and final distribution made. Appellant, by the petition which it sought to file, set forth facts which clearly entitled it to be heard on all matters in connection with the receivership and the final accounts of the receiver. It was alleged to be the sole party interested, to whom the funds should be distributed when the amount due from the receiver was determined. The trial court erred in refusing to permit appellant to file its petition. The Appellate Court erred in affirming that order.

The judgment of the Appellate Court and the order of the circuit court are reversed, and the cause is remanded to the circuit court for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*