104 Ill. App.3d 149 (1982)
432 N.E.2d 1149
SHAWANA VOLKMAR, Assignee of Vernon E. Schulte, Adm'r of the Estate of Otis (Lawan) John Burns, Deceased, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.
No. 80-596.
Illinois Appellate Court  Fifth District.
Opinion filed February 19, 1982.
Robert D. Francis, of Dunham, Boman & Leskera, of East St. Louis, for appellant.
H. Carl Runge, Jr., of Runge & Gumbel, P.C., of Collinsville, for appellee.
Judgment reversed.
JUSTICE KASSERMAN delivered the opinion of the court:
This interlocutory appeal is from the denial by the circuit court of Madison County of defendant's motion to dismiss plaintiff's complaint. Following the denial, this court granted defendant's application for leave to appeal under Supreme Court Rule 308 (73 Ill.2d R. 308). We reverse.
*150 The record on appeal establishes the following: On February 29, 1980, plaintiff filed the complaint in the instant case in which she alleged that after she was injured in an automobile collision on June 17, 1973, she filed a prior suit against the operator of the vehicle that struck her, Otis (Lawan) John Burns, a/k/a Lawan O. Burns. Plaintiff further alleges in the case at bar that Burns' insurer, defendant, entered into settlement negotiations with plaintiff and that plaintiff's offer to settle within the policy limits of $25,000 was not accepted by the defendant. Plaintiff also alleges in her instant complaint that judgment was had on a Madison County jury verdict of $51,000 in plaintiff's favor and against Burns; that $25,006.78 was paid by the instant defendant and accepted by plaintiff as partial satisfaction of such judgment; and that defendant's failure to settle was negligent and in bad faith. Plaintiff's complaint further avers that subsequent to entry of the judgment in her personal injury suit, plaintiff learned that Burns had died on April 28, 1974; that letters of office were issued to the Public Administrator, as administrator of Burns' estate, by the clerk of the circuit court of Madison County; that the Public Administrator assigned to plaintiff the instant cause of action for the amount of the personal injury judgment in excess of the policy limit; and that plaintiff was bringing the instant action as assignee of the Public Administrator for $26,000 plus costs.
In lieu of answer, defendant moved to dismiss the complaint on the grounds that the trial court in the original action lacked jurisdiction over the personal injury suit. In this regard, defendant's motion to dismiss asserts, and plaintiff does not dispute, that Burns was dead at the time the original suit was filed and when the judgment was entered. Parenthetically, service of process on Burns was purported to have been accomplished by service on him as a nonresident under section 10-301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95 1/2, par. 10-301).
The trial court, in a written order denying the motion to dismiss, stated that there were substantial grounds for difference of opinion as to: (1) the effect of a judgment entered against a deceased person; (2) the effect of the Public Administrator's purported assignment of the estate's cause of action without court approval; and (3) the effect on the alleged assignment of section 18-12(b) of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110 1/2, par. 18-12(b)), which specifies that certain claims against an estate are barred unless letters of office are issued upon the estate of the decedent within three years after his death. We conclude that it is necessary that we consider only the first of these issues.
Defendant has moved to supplement the record on appeal with affidavits of defendant's claims superintendent and the attorney who defended on Burns' behalf in the personal injury action. This motion was ordered to be considered with the case, and we now determine that the *151 motion need not be decided. Both affiants aver that they were not aware of Burns' death during the personal injury suit. However, this cause must be reversed regardless of whether affiants were aware of Burns' death at that time.
 1 It is axiomatic that in a civil suit in tort, there must be a plaintiff and a defendant. They may be either natural or artificial persons; however, the capacity to be sued exists only for persons in being and not those who are dead or as yet unborn. Bavel v. Cavaness (1973), 12 Ill. App.3d 633, 299 N.E.2d 435.
Plaintiff now concedes the jurisdictional infirmity in the personal injury judgment in the original suit, but she argues that defendant is now estopped, by its conduct of Burns' defense, to assert that the circuit court was without jurisdiction of the personal injury action.
 2-5 Jurisdiction is of two types, jurisdiction of the subject matter and jurisdiction of the person. Defects in jurisdiction of the person may be waived. (Mullaney, Wells & Co. v. Savage (1975), 31 Ill. App.3d 343, 334 N.E.2d 795.) However, a contention that a court does not have jurisdiction over the subject matter is essentially a claim that the court is without power or authority to consider or to act on a case before it other than to enter an order dismissing it. (Glasco Electric Co. v. Department of Revenue (1981), 86 Ill.2d 346, 427 N.E.2d 90.) Jurisdiction over the subject matter cannot be waived (Glasco Electric Co. v. Department of Revenue; Toman v. Park Castles Apartment Building Corp. (1940), 375 Ill. 293, 31 N.E.2d 299; Mullaney, Wells & Co. v. Savage), nor may a party be deemed estopped to raise lack of subject matter jurisdiction. (Toman; Paulik v. Village of Caseyville (1981), 100 Ill. App.3d 573, 427 N.E.2d 213; 21 C.J.S. Courts § 108 (1940).) Additionally, a dead person is a nonexistent entity and cannot be a party to a suit. Therefore, proceedings instituted against an individual who is deceased at the time of the filing of suit are a nullity. Such proceedings are void ab initio and do not invoke the jurisdiction of the trial court. (Wells v. Lueber (1976), 43 Ill. App.3d 973, 358 N.E.2d 293; Reed v. Long (1970), 122 Ill. App.2d 295, 259 N.E.2d 411.) Consequently, the original personal injury judgment rendered against Burns is void and of no force or effect.
Plaintiff urges for comparison Iovino v. Waterson (2d Cir.1959), 274 F.2d 41, cert. denied sub nom. Carlin v. Iovino (1960), 362 U.S. 949, 4 L.Ed.2d 867, 80 S.Ct. 860. However, this reliance is misplaced because Iovino was a suit instituted against a living defendant, and defendant's subsequent death was discovered and substitution sought prior to judgment. Thus, the issue in Iovino was whether plaintiff's motion for substitution was properly granted. Defendant in Iovino was held estopped to assert, not the death of the defendant, but rather the limitation period of Fed. R. Civ. Proc. 25(a)(1) (28 U.S.C.R. 25(a)(1)).
*152  6 For the reason that plaintiff's personal injury suit against Burns was void ab initio and therefore a nullity, we conclude that defendant's motion to dismiss the complaint should have been granted.
Therefore, the judgment of the circuit court of Madison County is reversed. Pursuant to our authority under Supreme Court Rule 366(a)(5) (73 Ill.2d R. 366(a)(5)), defendant's motion to dismiss plaintiff's complaint is granted.
Reversed.
KARNS, P.J., and JONES, J., concur.