THE CITY OF MARSEILLES, Plaintiff-Appellee, v. ROSS BLAKE RADKE, Defendant-Appellant.

Third District   No. 3—96—0187

Opinion filed April 23, 1997.—Rehearing denied May 29, 1997.

758

Eric B. Deobler (argued), of White, Marsh, Anderson, Brusatte, Vickers & Deobler, of Ottawa, for appellant.

Keith R. Leigh (argued), of Pool, Leigh & Fabricius, of Ottawa, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Defendant, Ross Radke (Radke), appeals from an order of the circuit court of La Salle County denying his motion to vacate a consent decree judgment entered in an eminent domain action in which the City of Marseilles (City) sought to acquire a railroad easement from Radke. For the reasons stated below, we reverse the order of the circuit court and remand for an evidentiary hearing.

## FACTS

The City adopted ordinances creating a real property tax increment financing district (TIF district) and an attendant redevelopment plan and project pursuant to the Tax Increment Allocation Redevelopment Act (the Act) (65 ILCS Ann. 5/11—74.4—1 *et seq.* (Michie 1994)). Pursuant to the authority granted to it under the Act (65 ILCS Ann. 5/11—74.4—4 (Michie 1994)), the City brought condemnation proceedings against Radke, seeking to acquire a single railroad easement across his property. The rail easement would be used by the Independent Tube Corporation to provide rail access to a factory it would build within the TIF district.

Radke filed a motion to traverse and dismiss, alleging several grounds, including: (1) the City had failed to pass a proper authorizing ordinance; (2) the property sought to be condemned was not blighted within the meaning of the Act; (3) the condemnation was not for a valid public use; and (4) the City had failed to make a good-faith offer for the purchase of the property.

Prior to the hearing on the traverse action, negotiations were held that resulted in an agreement between the parties. A "Consent Judgment" was entered that required Radke to convey the subject easement as well as another railroad easement. The City was ordered to pay Radke $30,000 for both easements and to make good-faith efforts to obtain for Radke better access to his property.

The consent judgment noted, *inter alia*, that: (1) Radke's property was "located wholly within the boundaries of the redevelopment project area" created by ordinance; (2) the court had jurisdiction of the parties and the subject matter; and (3) the parties had reached a settlement of all issues and ratified their agreement by presenting it to the court for entry as a consent judgment.

Within 30 days of entry of the consent judgment, Radke filed a motion to vacate the judgment. He maintained that, after the consent judgment was entered, he discovered that the easement the City had sought through condemnation was not within the legal description of the project redevelopment area contained in the ordinance and notices published pursuant to the Act. The motion to vacate alleged that the City had no authority to acquire the easement by condemnation and, thus, the trial court lacked subject matter jurisdiction to enter the consent judgment.

Radke subsequently amended his motion to vacate, adding as additional grounds to vacate allegations that the consent order violated public policy and that it was entered into by the parties as the result of a mutual mistake of fact.

At the hearing on Radke's motion to vacate, the attorney for each party indicated to the trial court that he had brought expert witnesses to court to testify as to whether the condemned easement was or was not within the TIF district. Radke's attorney indicated to the court that his expert would testify that the condemned easement was not within the territory encompassed by the legal description given in the public notice required by the Act. The attorney for the City indicated to the court that its expert would testify that the subject easement was within the TIF district "when you look at both the legal description, the metes and bounds description, and the accompanying map, which [was] an exhibit to the same ordinance." The trial court took no testimony from either expert on whether the subject easement was within the TIF district, nor did either party make an offer of proof for the record on appeal.

Radke argued to the trial court that, because the subject easement was outside the legal boundaries of the TIF district, a statutory prerequisite necessary for the trial court to exercise subject-matter jurisdiction was not present. Thus, the consent judgment was void

and should be vacated. The City argued that: (1) the subject easement was within the boundaries of the TIF district, thus any statutory jurisdictional requirements were satisfied; (2) the trial court had subject-matter jurisdiction over the matter by virtue of the jurisdiction conferred upon it by the Illinois Constitution to hear eminent domain matters; and/or (3) the consent judgment, being a private agreement of the parties, could not be subject to an attack based upon subject-matter jurisdiction.

The trial court denied all relief requested by Radke, who now appeals.

## ANALYSIS

As a preliminary matter, the City maintains that the consent judgment entered in this matter is not subject to appellate review and this appeal should therefore be dismissed for lack of appellate court jurisdiction.

■ A consent decree is based upon the agreement of the parties and may supersede both the pleadings and the evidence. *Filosa v. Pecora*, 18 Ill. App. 3d 123 (1974). A consent decree is conclusive upon the parties and cannot be amended or vacated without the consent of both parties. *People ex rel. Stead v. Spring Lake Drainage & Levee District*, 253 Ill. 479 (1912); *Thompson v. IFA, Inc.*, 181 Ill. App. 3d 293 (1989). Ordinarily, a consent decree may not be appealed because it constitutes no more than the court's recording of a settlement agreement reached by the parties and is not a judicial determination of their rights. *People ex rel. Fahner v. Colorado City Lot Owners & Taxpayers Ass'n*, 106 Ill. 2d 1, 8 (1985); *Sementa v. Tylman*, 230 Ill. App. 3d 701 (1992).

Certain exceptions to the general rule are recognized, however. A court will vacate a consent decree on the motion of only one party upon a showing of fraudulent misrepresentation or coercion in the making of the agreement, the incompetence of one of the parties, gross disparity in the position or capacity of the parties, errors of law apparent on the face of the record, or newly discovered evidence. *Thompson*, 181 Ill. App. 3d at 296-97; *In re Haber*, 99 Ill. App. 3d 306, 309 (1981); *Lubowsky v. Skokie Valley Community Hospital*, 79 Ill. App. 3d 909, 913-15; *Filosa*, 18 Ill. App. 3d at 127; *City of Des Plaines v. Scientific Machinery Movers, Inc.*, 9 Ill. App. 3d 438, 443 (1972).

In this matter, Radke maintains on appeal that the trial court lacked subject-matter jurisdiction necessary to enter the consent judgment. The question before us, which appears to be one of first impression, is whether lack of subject-matter jurisdiction is a sufficient basis upon which to appeal a consent judgment. We believe that it is, and we reverse and remand on that basis.

■ The consent judgment specifically stated that the court had subject-matter jurisdiction. This provision can only be viewed as an attempt by the parties to confer subject-matter jurisdiction upon the trial court. It is well settled that, where a court lacks subject-matter jurisdiction, it cannot be conferred by stipulation, consent or waiver (*Hill v. Daley*, 28 Ill. App. 3d 202 (1975)); and where subject-matter jurisdiction is absent, the court should decline to proceed further in the cause. *Toman v. Park Castles Apartment Building Corp.*, 375 Ill. 293 (1941).

Lack of subject-matter jurisdiction can be raised at any time, even on appeal. *Hill*, 28 Ill. App. 3d at 204; *Toman*, 375 Ill. at 302. We therefore find that we have jurisdiction to review the trial court's determination that it had subject-matter jurisdiction necessary to enter the consent judgment.

■ Turning to the merits of the appeal, Radke first maintains that the trial court erred in not vacating the consent judgment based upon its lack of subject-matter jurisdiction. We review a trial court's decision that it has subject-matter jurisdiction *de novo. Griffin v. Universal Casualty Co.*, 274 Ill. App. 3d 1056 (1995).

The basis of Radke's argument to the trial court in support of his motion to vacate the consent judgment was that the easement sought in the City's condemnation complaint was not within the legal description of the TIF district contained in the notice published by the City prior to adoption of the ordinance establishing the TIF district. The notice, which is a prerequisite to the ordinance, is required to include "[t]he boundaries of the proposed redevelopment project area by legal description and by street location where possible." 65 ILCS Ann. 5/11—74.4—6(b)(2) (Michie 1994). Radke notes that the statute does not provide for a map of the proposed TIF district as satisfying the notice requirement.

Radke alleged that the easement sought in the City's condemnation complaint was not within the boundaries of the legal description and therefore the City lacked the statutory authority to bring the condemnation action before the trial court. No evidence was presented to the trial court to support this allegation, although the record indicates that Radke was prepared to present such evidence to the trial court. The trial court, however, did not permit the evidence to be presented.

The City argued, and the trial court apparently agreed, that such evidence was not necessary in order for the trial court to determine whether it had subject-matter jurisdiction. The City maintains that the trial court's jurisdiction emanates exclusively from article VI, section 9, of the Illinois Constitution of 1970, which provides that

"[c]ircuit courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction." Ill. Const. 1970, art. VI, § 9.

According to the City, the test for subject-matter jurisdiction is simply whether the court has the power to enter into the inquiry before it. The City maintains that the trial court had the authority to adjudicate an eminent domain action over property located within La Salle County and that alone is sufficient to confer subject-matter jurisdiction. We disagree.

The City's argument has been considered and rejected by other courts. See *People ex rel. Brzica v. Village of Lake Barrington*, 268 Ill. App. 3d 420 (1994) (and cases cited therein). It is well settled that, even though circuit courts derive their plenary power to adjudicate "justiciable matters" solely from article VI of the constitution, and the legislature has no power to limit a court's constitutional jurisdiction to hear a matter, the legislature may define "justiciable matters" when it creates a statutory right having no counterpart in common law or equity. *Brzica*, 268 Ill. App. 3d at 422. In such cases, certain statutory prerequisites must exist before a court can exercise its power to hear the case and grant the relief requested. *People ex rel. Illinois Department of Human Rights v. Arlington Park Race Track Corp.*, 122 Ill. App. 3d 517, 521 (1984); *Skilling v. Skilling*, 104 Ill. App. 3d 213, 219 (1982).

One court has explained that, "when a court is acting pursuant to present-day statutory subject-matter 'jurisdiction,' it does so because the legislature may impose by statute certain conditions precedent to the exercise of jurisdiction by that court and these conditions precedent cannot be waived." *Brzica*, 268 Ill. App. 3d at 423, citing *In re Estate of Mears*, 110 Ill. App. 3d 1133, 1137-38 (1982).

The right of eminent domain by a municipality did not exist at common law; a municipality can only exercise the power of eminent domain when it has been specifically conferred by legislative enactment. *City of Oakbrook Terrace v. La Salle National Bank*, 186 Ill. App. 3d 343, 348 (1989). A statutory grant of eminent domain power can only be exercised in the manner authorized by statute. *Village of Skokie v. Gianoulis*, 260 Ill. App. 3d 287, 295 (1994).

Under the TIF Act, the City can only bring an eminent domain action against property located within the TIF district. 65 ILCS Ann. 5/11—74.4—4(c) (Michie 1994). Therefore, the location of the condemned easement within the TIF district was a statutory prerequisite to the trial court's exercise of subject-matter jurisdiction. If the condemned easement was outside the TIF district, the trial court had no jurisdiction to enter any order, even a consent judgment, and it

should have dismissed the complaint. As subject-matter jurisdiction can be raised at any time in the proceeding, the trial court should have conducted an evidentiary hearing on this issue, even in response to Radke's motion to vacate the consent judgment.

The City maintains that the trial court determined that the condemned easement was within the TIF district and that determination is entitled to some deference by this court. We have reviewed the record and can find no evidence upon which the trial court could have reached that conclusion. It appears the trial court may have assumed that the evidence would have shown that the condemned easement was within the TIF district. However, on review, we cannot defer to that assumption.

Alternatively, the City invites this court to determine that the condemned easement was within the boundaries of the TIF district as those boundaries were described in a map published with the notice of the proposed ordinance establishing the TIF district. We cannot accept the City's invitation to make such a finding of fact. There is simply no evidence in the record to establish whether the condemned easement was located within the TIF district. We therefore reverse the order of the trial court and remand this matter for an evidentiary hearing for the parties to present evidence and the trial court to make a determination, based upon the evidence presented, as to whether the condemned easement was within the boundaries of the TIF district. Such a hearing is necessary in order for the trial court to properly determine whether it has the subject-matter jurisdiction necessary to enter any order.

Radke also asks this court to find that the consent judgment is void as against public policy or as having been entered based upon a mutual mistake of fact. Neither of these arguments provides a basis for appellate review of consent decrees, and, therefore, we will not consider these issues. *In re Haber*, 99 Ill. App. 3d 306 (1981).

For the reasons discussed above, the judgment of the circuit court of La Salle County is reversed and the cause remanded for an evidentiary hearing.

Reversed and remanded.

LYTTON, P.J., and BRESLIN, J., concur.