KURT J. KELLER *et al.*, Plaintiffs-Appellees and Cross-Appellants, v. JOSEPH WALKER, Defendant-Appellant and Cross-Appellee.

Third District No. 3—00—0179

Opinion filed February 16, 2001.

Lisa E. Cowart (argued), of Meade, Engelberg & Associates, of Bedford Park, for appellant.

Kurt J. Keller (argued), of Rathbun, Cservenyak & Kozol, L.L.C., of Joliet, for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

Kurt and Julie Keller filed this action against Joseph Walker to recover damages sustained in an automobile accident. Unknown to the Kellers, Walker died from unrelated causes approximately one year prior to the day they filed their complaint. A default judgment was entered against Walker, and the Kellers were awarded damages.

Counsel for Walker filed this appeal, seeking a determination that the trial court lacked subject matter jurisdiction and requesting that the default judgment be vacated. We hold that a trial court has subject matter jurisdiction to appoint a personal representative under section 13—209(c) of the Code of Civil Procedure (Code) (735 ILCS 5/13—209(c) (West 1998)), when a party mistakenly commences an action against a deceased person and all other conditions of the statute are met.

Consequently, the default judgment is vacated and this cause is remanded to allow the Kellers an opportunity to amend their complaint, naming an appointed personal representative as defendant.

## FACTS

On April 14, 1997, a motor vehicle accident occurred between Kurt Keller and Joseph Walker. Julie Keller was a passenger in the Keller vehicle. On May 1, 1998, Walker died for reasons unrelated to

the accident. On April 13, 1999, the Kellers filed a complaint against Walker and issued a summons to serve him via the Illinois Secretary of State under the mistaken belief that he had moved.

The law firm of Meade, Engelberg & Associates (Meade) received notice of the Kellers' suit from its client Valor Insurance Company, Walker's insurance company at the time of the accident. Shortly thereafter, Meade sent a letter and a copy of Walker's death certificate to the Kellers informing them that Walker was deceased. A hearing was set for August 26, 1999, in which Meade made a special and limited appearance to inform the court that Walker had died. At the hearing, the Kellers claimed they did not receive notice of Walker's death and were unaware of Meade's letter. The court entered an order of default against Walker.

Several weeks later, Meade filed a motion objecting to personal jurisdiction based on improper service on the Secretary of State. The Kellers, who were unable to discover a will on file or that an estate had been created, filed a motion to suggest death of record and appoint a special administrator.

At a September 15, 1999, hearing on all pending motions, Meade withdrew its motion objecting to jurisdiction based on improper service, and the court vacated the default judgment. The court granted the Kellers' motion to suggest death of record and appoint a special administrator, ordering Valor Insurance to appoint an administrator within 30 days. Valor never complied with this order; so, two months later a second default judgment was entered against Walker. Thereafter, the court entered judgment in favor of Julie and Kurt in the amounts of $20,000 and $1,500, respectively.

On December 22, 1999, Meade presented a motion to vacate the default judgment, requesting leave to file an appearance and answer the complaint. The court found that Meade had submitted to the jurisdiction of the court by agreeing to appoint a special administrator and indicated that it would grant Meade's motion provided that Meade pay the Kellers $300 in sanctions.

One month later, Meade filed a motion to vacate the December 22, 1999, order and all prior orders, to strike and dismiss the complaint based on lack of subject matter jurisdiction, and for sanctions. The court denied the motion. Meade appealed the court's decision, and the Kellers cross-appealed requesting attorney fees and costs.

## ANALYSIS

The first issue we address on appeal is whether the trial court properly determined that it had subject matter jurisdiction to adjudicate the Kellers' complaint.

Meade argues that because Walker was deceased prior to the filing of the Kellers' complaint, the original complaint filed one year after Walker's death was null, void *ab initio*, and did not invoke the jurisdiction of the trial court. In addition, subject matter jurisdiction was not conferred on the court when Meade appeared on behalf of Walker's insurance company because subject matter jurisdiction cannot be waived or consented to by the parties. The Kellers contend, however, that subject matter jurisdiction exists under section 13—209(c) of the Code (735 ILCS 5/13—209(c) (West 1998)).

We review a trial court's decision that it has subject matter jurisdiction *de novo*. *City of Marseilles v. Radke*, 287 Ill. App. 3d 757, 679 N.E.2d 125 (1997).

■ Jurisdiction is of two types, subject matter jurisdiction and personal jurisdiction. *Volkmar v. State Farm Mutual Automobile Insurance Co.*, 104 Ill. App. 3d 149, 432 N.E.2d 1149 (1982). Personal jurisdiction may be waived. *Volkmar*, 104 Ill. App. 3d at 151, 432 N.E.2d at 1151. However, subject matter jurisdiction cannot be waived, conferred by stipulation, or consented to by the parties. *City of Marseilles*, 287 Ill. App. 3d at 761, 679 N.E.2d at 128. Lack of subject matter jurisdiction can be raised at any time, even on appeal. *City of Marseilles*, 287 Ill. App. 3d at 761, 679 N.E.2d at 128.

■ While at first blush one might classify this sequence of events as one involving personal jurisdiction, a review of the cases dealing with this subject reveals that the law is well settled that the court lacks subject matter jurisdiction where a party files a suit against a deceased person. *Volkmar*, 104 Ill. App. 3d at 151, 432 N.E.2d at 1151; *Wells v. Lueber*, 43 Ill. App. 3d 973, 358 N.E.2d 293 (1976); *Reed v. Long*, 122 Ill. App. 2d 295, 259 N.E.2d 411 (1970). A deceased person cannot be a party to a suit because such is a nonexistent entity and the proceedings are void *ab initio*. *Reed*, 122 Ill. App. 2d at 297, 259 N.E.2d at 412. Proceedings against an individual who is deceased at the time of the filing of suit are a nullity. *Volkmar*, 104 Ill. App. 3d at 151, 432 N.E.2d at 1151.

■ Section 13—209(c) of the Code provides that "[i]f a party commences an action against a deceased person whose death is unknown to the party before the expiration of the time limited for the commencement thereof," and the cause of action is not otherwise barred, the action may be commenced against the deceased's personal representative. 735 ILCS 5/13—209(c) (West 1998). Subsection 13—209(c) also includes the following relevant requirements: (1) after learning of the death, the party commencing the action must diligently proceed to move the court for leave to file an amended complaint, substituting the personal representative as defendant; (2) the party commencing

the action must diligently serve process upon the representative; and (3) a party may not commence an action under subsection (c) unless a personal representative is appointed and an amended complaint is filed within two years of the time limited for the commencement of the original action. 735 ILCS 5/13—209(c) (West 1998).

Although we determine that the Kellers' suit was a nullity and void *ab initio* because Walker was deceased prior to the day it was filed, we find that the court acquired subject matter jurisdiction pursuant to section 13—209(c) of the Code (735 ILCS 5/13—209(c) (West 1998)). The legislature added 13—209(c) to specifically address situations where plaintiffs are unaware that a deceased person was named as a defendant. *Augustus v. Estate of Somers*, 278 Ill. App. 3d 90, 662 N.E.2d 138 (1996). As such, the trial court had subject matter jurisdiction over the Kellers' claim. See *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 486 N.E.2d 893 (1985) (observing that subject matter jurisdiction is conferred on courts by the constitution or by legislative enactment). As the trial court had jurisdiction pursuant to section 13—209(c), the court should have proceeded to "substitute the personal representative as defendant" as required by section 13—209(c)(1).

■ Although section 13—209(c) does not specifically state how a personal representative is to be appointed, section 13—209(b)(2) of the Code addresses this procedure. 735 ILCS 5/13—209(b)(2) (West 1998). When a person against whom an action may be brought dies before the expiration of the time limited for the commencement of the action, section 13—209(b)(2) provides that "the court, upon the motion of a person entitled to bring an action ***, may appoint a special representative for the deceased party for the purposes of defending the action" if no petition has been filed for letters of office for the deceased's estate. 735 ILCS 5/13—207(b)(2) (West 1998).

■ The record reveals that the Kellers attempted to have a personal representative appointed at the September 15, 1999, hearing. Although the court granted the Kellers' motion, the court failed to appoint a representative as required by section 13—209(c)(1) and improperly ordered Valor Insurance to do so. As such, we vacate the default judgment and remand to allow for the appointment of a personal representative so that the Kellers may amend their complaint.

■ The next issue we address is whether either party is entitled to sanctions.

Meade argues it is entitled to sanctions, apparently under Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)), because the Kellers frivolously and in bad faith attempted to secure a judgment knowing

the court had no subject matter jurisdiction. In support of its argument, Meade asserts that the Kellers acted in bad faith when they proceeded with a null suit knowing Walker was deceased, when they twice sought and received a default order and subsequent judgment against Walker, and when they continued to contest efforts to have the null suit dismissed. The Kellers also request sanctions under Supreme Court Rule 375(b) for attorney fees and costs as a result of Meade's alleged misconduct throughout the litigation.

Based on the record, we find insufficient evidence that either party proceeded in bad faith. Therefore, we deny both parties' requests for sanctions under Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)).

For the foregoing reasons, the judgment of the circuit court of Will County is vacated, and this cause is remanded to the circuit court with directions that it appoint a personal representative and allow the Kellers to amend their complaint accordingly.

Vacated and remanded with directions.

HOLDRIDGE and SLATER, JJ., concur.