(No. 30699.—

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, *vs.* EDWARD F. O'BRIEN *et al.*, Appellants.

*Opinion filed November 18, 1948—Rehearing denied Jan. 17, 1949.*

J. E. BAIRSTOW, of Waukegan, for appellants.

GEORGE F. BARRETT, Attorney General, of Springfield, (WILLIAM C. WINES, JAMES C. MURRAY, and RAYMOND S. SARNOW, all of Chicago, of counsel,) for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The defendants in an eminent domain proceeding appeal from an order of the circuit court of Lake County denying their motion to vacate an order granting petitioner a new trial.

The Department of Public Works and Buildings filed a petition to condemn for park purposes certain property fronting on Lake Michigan. The jury returned a verdict of $13,000 for the land sought to be taken. Thereafter the court set aside the verdict and granted petitioner a new trial, on the ground that the verdict was in excess of the actual value of the property. This court subsequently denied leave to appeal from the order granting a new trial. The defendants then filed a motion based upon section 72 of the Civil Practice Act to vacate and set aside the order granting a new trial.

The motion is one in the nature of a writ of error *coram nobis,* based upon the proposition that there was a matter of fact not appearing of record which, if known at

the time the new trial was ordered, would have prevented the court from ordering a new trial. The alleged matter of fact was an undisclosed determination or decision of the petitioner to abandon the proceedings because the verdict was excessive, and to again condemn the premises at a later time. In their motion defendants request that the order granting a new trial be set aside or, in the alternative, that it be amended to require petitioner to pay defendants' costs, expenses and reasonable attorney's fees paid or incurred in the defense of the proceedings. To this motion the petitioner objected, asserting that the alleged facts are insufficient under the law to obtain the relief requested. The court sustained petitioner's objection and denied defendants' motion. This appeal is taken from that order.

An eminent domain proceeding is basically different from an ordinary suit between private individuals. The condemnor is under no legal obligation to pay the judgment unless it elects to do so; its right to abandon the suit by nonpayment of the judgment entered on the verdict is well settled in this State. (*Comrs. of Lincoln Park* v. *Schmidt,* 386 Ill. 550, 555.) This follows from the nature of the proceeding, which is simply a judicial determination of a just compensation to be paid before the property can lawfully be taken. However, this right of the condemnor to dismiss or abandon the proceedings is conditioned upon payment by it of the costs, expenses and reasonable attorney's fees expended or incurred by the property owner. (*Comrs. of Lincoln Park* v. *Schmidt,* 386 Ill. 550, at p. 563.) It is appellants' contention that the granting of a new trial relieved the condemnor of this obligation, which it would have incurred by abandoning the proceeding, and that had the trial court been aware of condemnor's decision to abandon, it would not have granted the new trial.

At the outset we are met with appellee's contention that the motion afforded by section 72 of the Civil Practice Act does not lie to correct errors in proceedings under the

Eminent Domain Act. That section, insofar as it is material, provides that "The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice." (Ill. Rev. Stat. 1947, chap. 110, par. 196.) It will be observed that the motion is available to correct only those errors of fact which, *by the common law,* could have been corrected by the writ.

The writ of error *coram nobis* was a remedy available in all cases which were prosecuted according to the course of the common law; but it was not a writ of right in any statutory proceeding. The condemnation of private property for public use under the Eminent Domain Act is a special statutory proceeding. Its procedure is regulated entirely by the statute, and is not governed, either as to pleading or practice, by the rules of the common law. (*Sweeney* v. *Chicago Telephone Co.* 212 Ill. 475.) The Eminent Domain Act contains no provisions for a writ of error *coram nobis* or any statutory equivalent thereof. It therefore follows that the motion was properly denied in the trial court.

As we have concluded that the motion in the nature of a writ of error *coram nobis* does not apply to errors of fact in condemnation proceedings, it becomes unnecessary to consider the further questions whether the order granting a new trial was a "final judgment" within the meaning of section 72 of the Civil Practice Act and whether the alleged error of fact would be sufficient to entitled defendants to the relief requested.

The order is affirmed.

*Order affirmed.*