(No. 35490.—

THE CITY OF QUINCY, Appellee, *vs.* PAUL E. STURHAHN *et al.*, Appellants.

*Opinion filed January 22, 1960—Rehearing denied March 28, 1960.*

Schmiedeskamp & Deege, of Quincy, (George J. Lewis, of counsel,) for appellants.

George N. Keefe, Corporation Counsel, of Quincy, for appellee.

Mr. Justice Davis delivered the opinion of the court:

The plaintiff, the city of Quincy, desired to remove the parkway in the center of Twenty-fourth Street between Vermont and Broadway streets within the city and pave the street from curb to curb. The defendants, who owned property abutting the street, and the city claimed fee title to the land upon which the parkway was located. Consequently, the city filed a suit for declaratory judgment to determine the rights of the parties in the parkway. A freehold is involved and direct appeal to this court is authorized. Ill. Rev. Stat. 1957, chap. 110, par. 75.

The circuit court of Adams County entered judgment against the defendants upon plaintiff's motion for a summary judgment on the pleadings pursuant to section 57 of the Civil Practice Act. (Ill. Rev. Stat. 1957, chap. 110, par. 57.) Since defendants challenge the validity and propriety of the judgment on procedural as well as substantive grounds, we will set forth the pleadings in detail.

The complaint alleged that there existed between block 1 and block 2 of Boulevard Place, an addition to the city of Quincy, a certain strip of dedicated land, which had been used for many years as a public street and as a parkway dividing the street; that defendants, owners of the abutting lots, were all of the parties who had any interest in the lots or parcels of land on either side of said street; that the city claimed ownership of the entire strip of land and that the city council had duly resolved to pave such parkway for vehicular traffic. The complaint further asserted that de-

fendants also claimed ownership of the street and parkway, challenged the city's right to pave the parkway and threatened to sue the city if it attempted to carry out its plan; that preparation for the paving of the parkway would involve an expenditure of public funds for engineering services and other items which might be wasted if defendants prevailed; and that a prompt determination of the rights of the parties would prevent a possible unnecessary expenditure of funds. The complaint asked that the court declare the interests of the respective parties in and to this dedicated street and plaintiff's right to pave such parkway.

Defendants filed a motion to dismiss the complaint, which was overruled, and they then filed a demand for a bill of particulars requesting information concerning the plat of Boulevard Place and whether it was claimed to be a statutory plat. In response to such demand plaintiff supplied a duly signed copy of the plat with its accompanying certificates and acknowledgments. The plat showed on its face that the owners of the land made it an addition to the city of Quincy, known as Boulevard Place; and that they dedicated the streets and alleys shown thereon to public use upon acceptance by the city.

The plat also contained the certificate of the surveyor, then city engineer, attesting its correctness and the location of block 2 in the northwest quarter of the northwest quarter of section 6 in township 2 south of range 8 west of the 4th P.M. It appeared that the plat, signed and acknowledged on September 19, 1891, was approved and accepted by the board of public works and by the city council of the city of Quincy on October 5, 1891. The exhibit showed that it was duly recorded in the office of the recorder of Adams County.

The plat contained figures showing the width and depth of all lots and dimensions of all alleys and streets. A street 66 feet wide, designated "Twenty-Fourth Street," was located between blocks 1 and 2 of the addition. The plat

further showed that the centers of Broadway and of Twenty-fourth Street were both township lines and that the point at which they intersected was a township corner. No parkway was shown in the center of Twenty-fourth Street between Vermont and Broadway. In response to questions asked concerning the cost of paving the parkway, the bill of particulars alleged that the estimated cost of the project was $15,000 and that the engineering cost would be 12 per cent of that amount.

Defendant's answer denied the allegations of the complaint and in addition set up five special defenses:

1. That since the plat did not comply with the statutory requirements then in force, it was only a common-law and not a statutory dedication of the street in question and that, as a result, the ownership of the fee of the street, including the parkway, remained in the adjoining owners and their successors subject only to an easement in favor of the public to use such street.

2. That the original proprietors, who platted the addition, had paved the street and improved the parkway with shrubs, trees and a fountain at their own expense, and since that time and for over 40 years, the defendants and their predecessors in title had improved and maintained the street and parkway at their own expense with the acquiescence of the city and without any expense to it; and that by reason thereof, the city was estopped from encroaching on the land of the defendants and from paving the parkway.

3. That if there were a common-law dedication of the parkway, such dedication was never accepted by the city or the public and that the fee simple title to the parkway remained in the defendants, as adjoining owners.

4. That the city's plans to pave the parkway and to widen the street would result in the destruction of the trees growing on either side of the street.

5. And, that the city had withheld assertion of control of the street for over 40 years while defendants and their

predecessors had, at their own expense, maintained and improved it and the parkway, and that the city had thereby abandoned the parkway and no longer had any interest in it.

A drawing which showed that the parkway in question was 21½ feet wide, that the paved portions of the street on either side of the parkway were each 16½ feet wide, and that the distance between the paved portion of the street and the sidewalks was 6 feet, was attached to the answer as an exhibit.

Plaintiff's motion for judgment on the pleadings was supported by the affidavit of the corporation counsel, which stated as facts those things which appeared on the face of the plat of Boulevard Place. In addition, it recited that the township corner shown on the plat at the intersection of the center of Twenty-fourth Street and Broadway was a known and permanent monument at the time the plat was prepared, and reference was made to a photostatic copy of a township plat, prepared by the United States Government in connection with its survey of the township, and to its accompanying field notes, both of which were attached.

The affidavit also stated that the city had, at divers times during the 40-year period, maintained the parkway and street and that no taxes had been levied against the property in the parkway since the filing of the plat.

The affidavit alleged on information and belief that the parties added as defendants by leave of court included all parties having a sufficient legal interest to require their presence as parties to the action; and that the drawing which defendants had attached to their answer was correct.

Defendants filed objections in opposition to the request for summary judgment which specified four reasons for denying the motion. The first two were restatements of the affirmative defenses which asserted that the plat constituted a common-law dedication which left title to the street in the adjoining property owners; and that the city was estopped from encroaching on the land of defendants and

from paving the parkway by virtue of the matters which had transpired since the filing of the plat. The third was that the pleadings showed that there were issues of fact involved which required a trial. The fourth attacked the legal sufficiency of the affidavit filed in support of the motion.

The affidavit filed in support of the objections, by one defendant, contained 19 numbered paragraphs. The statements in the first 12 related to the plat itself and what appeared thereon, asserted that no sufficient stone or marker was shown or referred to and restated all the facts upon which an estoppel was based. Paragraph 13 stated that the parkway was not a hazard and contributed materially to the safety of children going to and from school. Paragraph 14 denied that defendants were all the parties interested in the proceeding but admitted that they were all the necessary parties to the action. Paragraphs 15 through 17 denied that the cost of paving the parkway would be as stated in the bill of particulars and that a prompt determination of ownership would prevent a possible unnecessary expenditure of funds. Paragraph 18 denied that the city had ever maintained the street or parkway and paragraph 19 stated that the facts recited in the objections were true.

The order sustaining the motion for summary judgment recited that the court considered the motion and defendants' objections thereto and found that the objections did not set forth any sufficient defense and "that plaintiff's motion for a summary judgment be and the same is hereby granted and that judgment be entered for plaintiff and against defendants." The foregoing recitation indicates the unnecessary complication of the issues involved by the redundancy of the pleadings filed.

Defendants attack the legal sufficiency of the judgment on the ground that it failed to set forth or declare the rights of the parties as requested in the complaint. However, no technical form is prescribed for a declaration of

rights in a suit for declaratory judgment, and it is sufficient if the rights may be ascertained from the findings of the court or jury in view of the controversy presented. (*Burgard* v. *Mascoutah Lumber Co.* 6 Ill. App. 2d 210.) It is not necessary that a declaratory judgment shall use the phrase "the court declares the rights of plaintiffs (or defendants) to be," as long as the court actually passes upon or adjudicates the issues raised by the pleadings. (*Carter* v. *Nance,* 304 Ky. 256, 200 S.W.2d 457.) Yet, even though effectual, such judgment which declares the rights as set forth in the findings is not to be commended as to its form. 16 Am. Jur. par. 72, pages 338 and 339; Ann. 87 A.L.R. 1205, 1248.

In view of the relative simplicity of the issues and despite the verbose pleadings in this case, the form of the judgment was adequate. A formal declaration that the city was the owner in fee simple of the property in question and a pronouncement as to the other rights of the parties would have added nothing to the meaning of the judgment. All such declarations were implicit in the finding that the objections stated no defense and in the judgment "for the plaintiff and against the defendants." The meaning of the judgment was clear. It finally and effectively decided the rights of the parties on the issues presented and terminated the entire controversy between them, thus complying with the provisions of the statute. (Ill. Rev. Stat. 1957, chap. 110, par. 57.1(1).) Defendants' objection to the form of the judgment is without merit.

The judgment in favor of plaintiff can be supported either upon a finding that the plat in question was a valid statutory dedication of the street to the city for public use, or upon a finding that it was a common-law dedication of the street and parkway subject to an easement in favor of the public to use such street.

The parties concede that sections 1 to 3 inclusive of the Plats Act were in force in 1891 at the time the survey and plat were made. Rev. Stat. 1874, chap. 109, pars. 1 to 3,

incl. Section 1 provided that the plat shall be made by a competent surveyor based upon a survey made by him; and that it "shall particularly describe and set forth all the streets, alleys, common or public grounds, and all the in and out lots or fractional lots or blocks within, adjoining or adjacent to the land so divided, giving the names, widths, courses and extent of all such streets and alleys, and numbering all lots and blocks by progressive numbers, giving their precise length and width. Reference shall also be made upon the plat to some known and permanent monument from which future surveys may be made, or, if no such monument shall exist within convenient distance, the surveyor shall, at the time of making his survey, plant, and fix in such manner that the same shall not be moved by frost, at the corner of some public ground, or, if there be none, then at the corner of some lot or block most convenient for reference, a good and sufficient stone, to be furnished by the person for whom the survey is made, and designate upon the plat the point where the same may be found."

Section 2 provided that the plat shall be certified by the surveyor, acknowledged by the owner in the same manner required in deeds, and recorded, with the certificate and acknowledgment, in the office of the recorder of deeds of the county in which the land is located and that, when recorded, it shall have the same effect as a deed.

In section 3 it was provided that the acknowledgment and recording of the plat shall be held in law and in equity to be a conveyance in fee simple of such portions of the premises platted as are marked or noted thereon as donated or granted to the public and as a general warranty against the donor; and that the premises intended for any street, alley, way, common or other public use in any city, village or town, or addition thereto, shall be held in the corporate name thereof in trust to and for the uses and purposes set forth and intended.

In support of their claim of ownership of the street and parkway in question, defendants contend that the plat of Boulevard Place fails to comply with the statute in two particulars: that it fails to make reference to some known and permanent monument; and that failure to show the parkway in the street on the plat violates the provision of the statute that the plat shall particularly describe and set forth all streets, alleys and common or public grounds.

Here the plat showed a township corner at the intersection of the center of Twenty-fourth and Broadway streets and the point of intersection was labeled as a township corner and identified by a small square. The government township survey and its accompanying field notes, which antedated the plat and survey of Boulevard Place, established that a stone 12″ x 6″ x 4″ was placed at that corner by the surveyors. Therefore, the showing of that corner in the plat in question was a sufficient reference to the monument.

That plat clearly showed the dedication of the entire 66-foot strip, including the area used as a parkway. The fact that the original proprietors and their successors in title improved a portion of the strip, which they unqualifiedly dedicated to public street use, with a parkway in the center and continued the maintenance of the parkway, cannot defeat the public interest in or title to the entire street as shown on the plat. When the city accepted the plat, title to the entire 66-foot strip became vested in the municipality in trust for street purposes. It is immaterial that the parkway was not shown on the plat. The statute did not require that the plat show the manner in which the streets or public ways thereby dedicated were to be improved. The plat complied with all of the statutory requirements and constituted a valid statutory dedication of the street. However, even if it failed to meet such statutory requirements, it would still constitute a valid common-law dedication, and while the fee title to the streets would remain in the abutting

property owners, such title would be subject to an easement in favor of the public for street purposes. *Greenlee Foundry Co.* v. *Borin Art Products Corp.* 379 Ill. 494; *Clokey* v. *Wabash Railway Co.* 353 Ill. 349.

The defendants have asserted the defense of estoppel. While situations may arise which justify invoking the doctrine of estoppel even against the State when acting in its governmental capacity, (*State of Illinois* v. *Illinois Central Railroad Co.* 246 Ill. 188, 235,) we have always adhered to the rule that mere nonaction of governmental officers is not sufficient to work an estoppel and that before the doctrine can be invoked against the State or a municipality there must have been some positive acts by the officials which may have induced the action of the adverse party under circumstances where it would be inequitable to permit the corporation to stultify itself by retracting what its officers had previously done. *People ex rel. Petty* v. *Thomas,* 361 Ill. 448; *Trustees of Schools* v. *Village of Cahokia,* 357 Ill. 538; *Melin* v. *Community Consolidated School Dist. No. 76,* 312 Ill. 376; *Board of Supervisors of Logan County* v. *City of Lincoln,* 81 Ill. 156.

In applying the doctrine of estoppel, the courts will not decide the question by mere lapse of time but by all the circumstances of the case, and will hold the public estopped or not as right or justice may require. (*Martel* v. *City of East St. Louis,* 94 Ill. 67; *Chicago, Rock Island and Pacific Railroad Co.* v. *City of Joliet,* 79 Ill. 25.) The doctrine is invoked only to prevent fraud and injustice. *Melin* v. *Community Consolidated School Dist. No. 76,* 312 Ill. 376.

In the case of *Trustees of Schools* v. *Village of Cahokia,* 357 Ill. 538, the school authorities built a school house on a parcel of ground which had been dedicated as a public square by a statutory plat. After conducting a school in the building for over 60 years, the trustees brought an action against the village seeking to have title to the tract quieted in them. We held that the plaintiffs were not the

owners of the land and were not entitled to the relief prayed on grounds of estoppel and emphasized that the title to public lands, once acquired by a municipality, cannot be lost by mere nonaction of the public officers or impaired by the voluntary acts of others.

We also indicated that those who voluntarily improve public lands to which they have no right or title, acquire no right, vested or otherwise, to continue to maintain thereon that which they have erected even though it may be said that the public will benefit thereby.

The strip of land here in controversy was dedicated by statutory plat for street purposes. It was accepted by the city and the greater part of the land was used for such purposes. When land is dedicated as a street in a statutory plat, title is held by the municipality in trust for the use intended—public travel. It is for the municipal authorities to determine how the street shall be improved to best facilitate that use and purpose.

Apparently defendants were content to follow the course, initiated by the original proprietors and followed by their successors in title, of maintaining the street and parkway. However, this was not sufficient to preclude the city from removing the parkway, upon a determination that it should be removed in the interest of public safety and for street use. None of the cases cited by defendants are authority for the proposition that mere neglect by municipal officers to maintain public property will preclude them from later recognizing that obligation and asserting their right to do so. There is nothing in the pleadings to suggest that the defendants were induced to maintain the street and parkway by positive acts of the city officials. Under these circumstances, the city was not estopped from pursuing its proposed plan to pave the parkway.

Defendants insist that the court erred in entering a summary judgment against them because the pleadings show that there were issues of fact which could only be resolved

by trial. They have cited numerous cases which hold that a summary judgment can be granted only when there are no triable issues and that where the pleadings, affidavits and counteraffidavits raise issues of fact material to a proper decision of the ultimate questions presented, a motion for a summary judgment should be denied. Cf.: Ill. Rev. Stat. 1957, chap. 110, par. 57(3).

The cases cited are not decisive of the question here presented. Defendants have suggested only two issues of fact under the pleadings and affidavits which they claim required a trial. The first relates to an assertion in plaintiff's affidavit that the city had at divers times maintained the street and parkway and a denial of those allegations in defendants' counteraffidavit. Defendants assert that evidence on this point would have been material on the issue of estoppel raised by them. We do not agree. Any issue which can be said to have been joined on the denial of these allegations was immaterial since, as already indicated, the issue of estoppel must be decided in favor of the city even though it failed entirely to maintain the street and parkway.

The other issue which defendants contend required a trial was made by their denial of the assertion in the complaint that the engineering and other costs in connection with paving the parkway would require a large expenditure of public funds which might be unnecessarily made if defendants prevailed in their position and that a prompt determination of the rights of the parties would prevent such expenditure. This issue was likewise immaterial. The pleadings otherwise showed a *bona fide* dispute between the parties as to the ownership of the land and the right of the city to pave the parkway. The city had the right to have those questions determined by summary judgment regardless of the existence of this immaterial issue.

The pleadings, exhibits and affidavits contained all the facts and information necessary to a decision of the ulti-

mate questions involved. There were no material issues for trial and the court below properly invoked the summary judgment provisions of the Civil Practice Act in reaching its decision.

Finally, defendants say that the affidavit in support of the motion for summary judgment was insufficient because made upon information and belief. We recognize that Rule 15 of this court requires that such affidavits shall be made on the personal knowledge of affiant and show that affiant, if sworn as a witness, can competently testify to the facts stated. (Ill. Rev. Stat. 1957, chap. 110, par. 101.15.) In the affidavit in question, the affiant stated that he had knowledge of the contents of the affidavit by him subscribed and that the matters and things therein contained were true in substance and fact except as to those matters which were stated to be on information and belief and that as to such matters he believed them to be true.

The matters stated on information and belief, heretofore discussed, were immaterial to the issues and could have been omitted entirely. All matters relative to the plat, survey and field notes were related as facts on affiant's knowledge. Such facts were sufficient to make a *prima facie* case for plaintiff. The statements in the affidavit were declaratory of matters and things apparent on the face of the exhibits. Their authenticity was not denied. Since the affidavit met the requirements of the statute, it was sufficient in law to raise the questions decided on plaintiff's motion for summary judgment.

The judgment of the circuit court of Adams County is affirmed.

*Judgment affirmed.*