THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellee, *v.* VEACH OIL COMPANY *et al.*, Defendants—(VEACH OIL COMPANY, Defendant-Appellant.)

(No. 73-175;

Fifth District—September 4, 1974.

Harris and Lambert, of Marion, for appellant.

James W. Sanders, of Marion, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee filed a petition for condemnation to condemn certain property owned by the appellant, Veach Oil Company. Subsequently, appellee voluntarily filed a motion for dismissal of its petition for condemnation. The trial court granted the appellee's motion to dismiss its petition for condemnation; denied appellant's motion in opposition to such dismissal; and further denied appellant's motion for leave to file a mandamus action against the then Governor of the State of Illinois and Secretary of Transportation to compel the institution of an eminent domain proceeding.

We agree with the trial court and affirm its decision.

Appellant owned a service station at the intersection of Illinois Routes 37 and 146 in Johnson County, with unlimited access to each route at the time of appellee's filing its petition for condemnation. The appellee intended to take a strip of land off the Veach service station property and proposed to build curbing and entranceways around the Veach station thereby causing limited access to the Veach station. Preliminary just compensation for the taking of land was fixed by order of the trial court at $35,000 for property taken and $35,000 for damage to property not taken. However, subsequently the appellant moved to dismiss its

petition for an injunction to restrain appellee from installing such curbing and entranceways (this petition for injunction is not the subject of appeal in this case—see companion case on appeal).

In its verified motion in opposition to appellee's motion to dismiss, the appellant asserted, *inter alia,* that in reliance upon certain representations made by agents for the Department of Public Works and Buildings (now Department of Transportation), namely, that part of Veach's land including a maintenance building would be condemned, Veach had built a new building at an approximate cost of $13,261.85.

■■ The first question that confronts us is whether appellee had a right to dismiss or abandon its eminent domain action against appellant. Section 10(a) of the Eminent Domain Act (Ill. Rev. Stat. 1971, ch. 47, par. 10(a)) clearly gives appellee the right to dismiss its petition for condemnation. Indeed, the condemnor may abandon the proceeding by failure to pay the amount determined as just compensation within the time fixed by the court for payment.

■■ Appellant argues, however, that the doctrine of estoppel in pais applies to appellee under the circumstances of this case; therefore, the appellee is estopped to dismiss its petition for condemnation. In essence appellant argues that the representations made by employees of the Department of Transportation induced appellant to construct a new building, and since such representation directly concerned appellee's intention to condemn portions of the appellant's property, the appellee cannot back out of its eminent domain action. We disagree with the appellant on this point. The reluctance of courts to apply the doctrine of estoppel against the State or public bodies rests on the belief that the doctrine of estoppel may impair the functioning of the State and jeopardize valuable public interests owing to the negligence, mistake, or inattention of public officials. Even if the doctrine of estoppel could be applied to the State in a condemnation proceeding, reliance of the property owner upon the representations made by the State must be reasonable. The filing of a petition for condemnation which is noted above can be voluntarily dismissed or abandoned by the condemnor pursuant to statute and cannot be, per se, a representation by the State upon which such reliance can be placed as to subsequently estop the State from dismissing or abandoning the condemnation proceeding. How then can the representation regarding the State's intention to condemn, made by an agent of the Department of Transportation, be a representation upon which reasonable reliance can be placed as to later estop the State from dismissing its petition for condemnation? Both the petition for condemnation and such early representations are expressions of the State's intention to condemn,

not the actual condemnation or taking itself. Section 10(a) of the Eminent Domain Act clearly permits the State to change its mind—to alter or abandon its previous intention—by dismissing its petition to condemn. ■■ More importantly, appellant has failed to show that the State has actually invaded or directly damaged its property. In *City of Quincy v. Sturhahn*, 18 Ill.2d 604, 165 N.E.2d 271, the supreme court noted that situations may indeed arise which justify the invocation of the doctrine of estoppel, even against the State acting in its governmental capacity. However, the supreme court also stated:

> "* * * we have always adhered to the rule that mere nonaction of governmental officers is not sufficient to work an estoppel and that before the doctrine can be invoked against the State * * * there must have been some *positive acts* by the officials which may have induced the action of the adverse party under circumstances where it would be inequitable to permit the [State] to stultify itself by retracting what its officers had previously done." (Emphasis added.) *City of Quincy v. Sturhahin*, 18 Ill.2d at 614, 165 N.E.2d at 277.

Nothing in the record reflects that appellee has committed a "positive act" within the meaning of *City of Quincy v. Sturhahn, supra,* to justify the invocation of the doctrine of estoppel.

■■ Appellant also argues that the trial court erred in not granting its motion for leave to file a mandamus action to compel the institution of eminent domain proceedings. We disagree with the appellant for the reason that no part of the appellant's property has yet been taken. Damages to an owner of land, no part of which has been physically taken by the State, are not within the purview of the Illinois Eminent Domain Act. A property owner may indeed have an action at law for consequential damages against the State and such owner can pursue such remedy in the court of claims. In *Horn v. City of Chicago*, 403 Ill. 549, 559, the supreme court held that eminent domain proceedings are not required to ascertain consequential damages and that a property owner suffering consequential damages is remitted to an action at law for the recovery of his damages. In order to compel eminent domain proceedings a property owner must show an actual physical invasion to his property. Appellant has not shown such physical invasion or damage to its property. To allow an individual property owner to compel an eminent domain action by way of mandamus before his property is taken would be tantamount to requiring the State to condemn such property owner's property because the State was considering a public improvement which, if constructed, might damage such owner's property.

For the reasons stated above, we affirm the trial court's order granting appellee's petition to dismiss its petition for condemnation and denying appellant's motion for leave to file a mandamus action.

Affirmed.

G. MORAN, P. J., and CREBS, J., concur.