(No. 47214)

THE DEPARTMENT OF PUBLIC WORKS AND BUILD-INGS, Appellee, v. THE EXCHANGE NATIONAL BANK OF CHICAGO *et al.*—(Walter Nazlian *et al.*, Appellants.)

*Opinion filed September 26, 1975.*

Edward T. Graham, of Glen Ellyn (Sidney Z. Karasik and Errett O. Graham, both of Chicago, of counsel), for appellants.

William J. Scott, Attorney General, of Springfield (John S. Teschner, Special Assistant Attorney General, of Wheaton, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Respondents, who were respectively the fee owners of record of a parcel of real estate, and the trustee under a deed of trust, appealed from the judgment of the circuit court of Du Page County entered in the eminent domain action brought by petitioner, the Department of Public Works and Buildings. The appellate court affirmed (23 Ill. App. 3d 175), and we allowed respondents' petition for leave to appeal.

Respondents were the owners of a tract of land comprising approximately 23,000 square feet and improved with a building used as a restaurant and dwelling. As originally filed the condemnation petition sought to acquire fee simple title to an "L"-shaped strip of land containing approximately 4,000 square feet (parcel 0023) and a permanent easement over a strip containing approximately 1680 square feet (parcel E023). The only public access to respondents' land was over the larger strip.

Respondents filed a cross-petition in which it was alleged that as the result of the proposed highway construction the entire tract would be "land-locked" and of no commercial value and praying that petitioner be ordered to take the entire parcel.

Pursuant to the "quick-take" provisions of the Eminent Domain Act (Ill. Rev. Stat. 1969, ch. 47, pars. 2.1 through 2.10), petitioner filed a motion for immediate vesting of title. The circuit court found that just compensation for the taking of the two parcels was $22,000, vested petitioner with fee simple title and the right to immediate possession of the larger parcel, and granted it a temporary easement over, and the right to possession in 90 days of, the smaller parcel. On January 9, 1970, pursuant to section 2.3 of the Act, petitioner deposited $27,500 with the county treasurer and thereafter, pursuant to section 2.4, respondents withdrew $22,000.

Petitioner entered into actual possession of the larger parcel on March 1, 1970, and the smaller parcel on September 1, 1970. Although petitioner was in possession and proceeded with the construction work, there was public access to respondents' land until August 1, 1971, but after that date all public access was cut off. On February 8, 1972, petitioner amended its petition to acquire fee simple title to the entire tract owned by respondents. On trial the jury found just compensation for the taking of the entire tract to be $92,000. In its judgment order the circuit court found that petitioner had

entered into actual possession of parcel 0023 on March 1, 1970, and parcel E023 on September 1, 1970, and,

"5. That on or about August 1, 1971, petitioner herein entered into actual possession of direct access rights to the remainder of defendant owners property and thereafter denied direct access to, from, and over said freeway to the remainder of defendant owners' property.

6. That defendant owners occupied and used said tract of land of which parcels 0023 and E023 were a part including the access rights thereto until August 1, 1971."

The court allowed respondents interest on the award, less the amount deposited, at the statutory rate, from August 1, 1971.

Section 2.6 of the Eminent Domain Act provided:

"The petitioner shall pay, in addition to the just compensation finally adjudged in the proceeding, interest at the rate of six per cent (6%) per annum upon:

(a) Any excess of the just compensation so finally adjudged, over the amount deposited by the petitioner in accordance with the provisions of Section 2.3(a) of this Act, from the date on which the parties interested in the property surrendered possession of the property in accordance with the order of taking, to the date of payment of such excess by the petitioner." Ill. Rev. Stat. 1969, ch. 47, par. 2.6.

Respondents appealed only from that portion of the judgment which denied them interest for the period between January 9, 1970, the date on which the "quick-take" deposit was made, and August 1, 1971. The appellate court, holding that interest was payable only from August 1, 1971, affirmed the judgment.

Respondents contend that the judgments of the circuit and appellate courts are violative of section 15 of article I of the Constitution of 1970, which provides: "Private property shall not be taken or damaged for public use without just compensation as provided by law." They argue that when property has been taken in a "quick-take" proceeding the constitutional provision requires that interest be paid from one of three dates: "(1) the date of entry

of preliminary judgment at the quick-take hearing; (2) the date that a condemnor deposits preliminary just compensation with the County Treasurer; and (3) the date condemnor enters into actual possession and uses any part of the condemned property." They contend further that petitioner acquired constructive possession of the property prior to the actual taking and that section 2.6 of the Act contemplates constructive, not actual, possession.

It is the long-established rule that compensation for property condemned is due when the condemnor takes possession and that interest is due from that time. (*Phillips v. South Park Commissioners*, 119 Ill. 626; *Leitch v. New York Central R.R. Co.*, 388 Ill. 236.) Section 2.6 of the Eminent Domain Act in no way altered the rule; it was enacted to meet the special conditions created by the "quick-take" provisions (*Department of Public Works and Buildings v. Larson*, 22 Ill.2d 425), and to that end contains the explicitly stated provision that interest runs from the date on which possession of the property was surrendered. When possession was surrendered is, of course, determined as a question of fact.

Petitioner was in possession of the two strips from March and September 1970, respectively, but respondents continued to have access to the public highway and the use and occupancy of their property were not affected until August 1, 1971. We need not here decide the questions which might have arisen had the case continued in its original posture and resulted in the taking of only the two strips, nor need we consider the injustice which would allegedly result if the appellate court's holding were applied to the hypothetical partial taking situations propounded by counsel. The circuit court's finding that possession was surrendered on August 1, 1971, is not contrary to the manifest weight of the evidence. The judgment of the appellate court is affirmed.

*Judgment affirmed.*