THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellant, *v.* LAWRENCE KELLER, JR., *et al.*, Defendants-Appellees.

Fourth District   No. 14749

Opinion filed August 18, 1978.

William J. Scott, Attorney General, of Springfield (Roy E. Frazier, Jr., and Denis A. McGrady, Assistant Attorneys General, of counsel), for appellant.

Schwarz & Self, of Jerseyville, for appellees.

Mr. JUSTICE MILLS delivered the opinion of the court:

Condemnation.

Not "quick take."

When does interest accrue?

Time of verdict?

Time of judgment?

Time of possession?

We hold: Time of possession.

Reversed.

This appeal stems from an eminent domain proceeding which resulted in the condemnation of defendants' property. In the prior legal history of our subject matter (*Department of Public Works & Buildings v. Keller* (1975), 61 Ill. 2d 320, 335 N.E.2d 443), the supreme court held that the State possessed the power to condemn property—upon which a gravel quarry was being operated—for the purpose of the preservation of the natural beauty of areas through which State highways are constructed.

The case then proceeded to trial and on May 12, 1977, a jury awarded defendants the sum of $47,375 as compensation for the loss of their property. A final judgment was subsequently entered by the trial court on July 20, 1977, in which the trial court decreed that the State could take possession of the property upon payment of the award within 180 days from the entry of the order. Circuit Judge Howard Lee White also determined—and it is this segment of his decision that has precipitated the instant appeal—that interest at legal rate should insure from the date of the jury verdict. (This is not a "quick take" proceeding.)

On appeal, the State contends that interest does not ensue from the date of the jury verdict but can only begin to accumulate when the condemnor takes possession. In response, condemnees argue that section 3 of the Interest Act is applicable and therefore interest should accrue on the jury verdict and be included in the amount of judgment. (Ill. Rev. Stat. 1975, ch. 74, par. 3.) In addition, the Kellers argue that they are entitled to interest on the judgment until the condemnation award is paid.

Therefore, the issue on appeal is as follows: When does interest begin to accrue on a jury award rendered in a condemnation proceeding?

There are three alternative times at which interest until payment might begin to run on a condemnation award: (1) from the date the jury returns with its *verdict*; (2) from the date *judgment* is rendered; and (3) from the date of *possession.*

We find alternative 3 to be the most satisfactory choice and therefore reverse and remand the trial court's judgment.

In support of alternatives 1 and 2, defendants contend that the Interest

Act is applicable to the instant proceedings. Section 3 of the Interest Act reads (in part) as follows:

"Judgments recovered before any court or magistrate shall draw interest at the rate of 6% per annum from the date of the same until satisfied. When judgment is rendered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment." Ill. Rev. Stat. 1975, ch. 74, par. 3.

■■■ However, the word "judgment" in the Interest Act is limited to those judgments which can be executed upon. (*City of Chicago v. Albert J. Schorsch Realty Co.* (1972), 6 Ill. App. 3d 1074, 287 N.E.2d 93.) It has been held that the judgment of a court in a condemnation proceeding does not impose a liability upon the condemnor and no execution may issue upon the award. (*County of Cook v. Malysa* (1968), 39 Ill. 2d 376, 235 N.E.2d 598.) Therefore, the Interest Act is not applicable in the instant case. See *Schorsch*.

Furthermore, we find defendants' assertions to be inconsistent not only with Illinois law but also with the purpose of condemnation suits.

"Normally, the purpose of such suits is to gain possession (and, incidentally, some degree of ownership) of particular lands, and it has always been held in this State that a condemnation award bears interest from the date of entry of possession thereunder until the same is paid." *Leitch v. New York Central R.R. Co.* (1944), 388 Ill. 236, 246, 58 N.E.2d 16, 20, cited with approval in *Department of Public Works & Buildings v. Exchange National Bank* (1975), 61 Ill. 2d 346, 335 N.E.2d 496; but see *Commissioners of Lincoln Park v. Schmidt* (1942), 379 Ill. 130, 39 N.E.2d 1012.

■■ Moreover, common sense dictates that interest should not accumulate until actual possession takes place. The condemnor, absent estoppel, can withdraw from the condemnation proceeding at any time prior to payment of the condemnation award. Even if an estoppel argument could be asserted against the State in a condemnation proceeding, such an assertion would require evidence that the State actually invaded or directly damaged defendant's property. (*Department of Transportation v. Veach Oil Co.* (1974), 22 Ill. App. 3d 229, 317 N.E.2d 404.) There is a void of such evidence in the record before this court.

■■ Since the condemnor was not obligated to pay the condemnation award and take possession of the Keller property, it is unreasonable to compel the State to pay interest on the award until actual possession does take place. This conclusion is further bolstered by the fact that the judgment order gave the condemnor 180 days in which to deposit the

money. And this condition was fulfilled. (It would appear that many of the condemnees' problems were caused by the State's failure to make immediate payment of the award and could have been alleviated by a shorter time provision in the judgment order. However, the Kellers apparently did not dispute the time provision at trial nor did they appeal the trial court's decision to allow the petitioner 180 days to pay the condemnation award.)

In conclusion, we find that interest should not accumulate on a condemnation award until actual possession takes place.

Reversed and remanded.

REARDON, P. J., and CRAVEN, J., concur.